United States District Court
Eastern District of Michigan
Southern Division

United States of America,

      Plaintiff,

                            Hon. Jonathan J.C. Grey

v.

                            Case No. 23-20583

D-2 Martin Blas-Hernandez,

      Defendant.

_____/

# Plea Agreement

The United States of America and the defendant, Martin Blas-Hernandez, have reached a plea agreement under Federal Rule of Criminal Procedure 11. The plea agreement's terms are:

## 1.   Counts of Conviction

The defendant will plead guilty to Count 2 of the Indictment. Count 2 charges the defendant with *Possession with Intent to Distribute Cocaine* under 21 U.S.C. § 841.

## 2.   Statutory Minimum and Maximum Penalties

The defendant understands that the count to which he is pleading guilty carries the following minimum and maximum statutory penalties:

Page **1** of **18**

| Count 2 | Term of imprisonment: | 10 years to Life |
| | Fine: | Up to $10,000,000 |
| | Term of supervised release: | At least 5 years and up to life |

The defendant understands that Count 2 requires a mandatory minimum sentence of 120 months' imprisonment and that the Court may not impose a sentence on that count below the mandatory minimum.

### 3. Agreement to Dismiss Remaining Charges

If the Court accepts this agreement and imposes sentence consistent with its terms, the United States Attorney's Office for the Eastern District of Michigan will move to dismiss any remaining charges in the Indictment against the defendant in this case, specifically Count 1, conspiracy to distribute and possess with intent to distribute a controlled substance.

### 4. Elements of Counts of Conviction

The elements of Count 2 are:

(1) The defendant knowingly possessed 5 kilograms or more of cocaine; and

(2) The defendant intended to distribute the cocaine.

5.    **Factual Basis**

The parties agree that the following facts are true, accurately describe the defendant's role in the offenses, and provide a sufficient factual basis for the defendant's guilty plea:

On or about September 27, 2023, a tractor trailer containing cocaine entered the United States from Mexico through the port of entry in Laredo, Texas. Federal law enforcement agents began surveilling the trailer. On or about October 1, 2023, the trailer arrived at a warehouse storage facility located in Wixom, Michigan. The defendant, who traveled with his codefendants from Indiana, took physical possession of 223 kilograms of cocaine by transferring it from the bed of the tractor trailer to the warehouse storage unit. The defendant knew he was possession of a controlled substance. The defendant intended to distribute the cocaine.

6.    **Advice of Rights**

The defendant has read the Indictment, has discussed the charges and possible defenses with his attorney, and understands the crimes charged. The defendant understands that, by pleading guilty, he is waiving many important rights, including the following:

A.    The right to plead not guilty and to persist in that plea;

B.    The right to a speedy and public trial by jury;

C.    The right to be represented by counsel—and, if necessary, have the court appoint counsel—at trial;

D.    The right to be presumed innocent and to require the government to prove the defendant guilty beyond a reasonable doubt at trial;

E.    The right to confront and cross-examine adverse witnesses at trial;

F.    The right to testify or not to testify at trial, whichever the defendant chooses;

G.    If the defendant chooses not to testify at trial, the right to have the jury informed that it may not treat that choice as evidence of guilt;

H.    The right to present evidence or not to present evidence at trial, whichever the defendant chooses; and

I.    The right to compel the attendance of witnesses at trial.

7.   **Collateral Consequences of Conviction**

The defendant understands that his convictions here may carry additional consequences under federal or state law. The defendant understands that, if he is not a United States citizen, his convictions here may require him to be removed from the United States, denied citizenship, and denied admission to the United States in the future. The defendant further understands that the additional consequences of his convictions here may include, but are not limited to, adverse effects on the defendant's immigration status, naturalized citizenship, right to vote, right to carry a firearm, right to serve on a jury, and ability to hold certain licenses or to be employed in certain fields. The defendant understands that no one, including the defendant's attorney or the Court, can predict to a certainty what the additional consequences of the defendant's convictions might be. The defendant nevertheless affirms that the defendant chooses to plead guilty regardless of any immigration or other consequences from his convictions.

8.   **Safety Valve**

The defendant understands that he will only qualify for the safety valve in 18 U.S.C. § 3553(f) if the Court finds at sentencing that he has

satisfied *all* of the requirements in § 3553(f). If the Court finds that the defendant has satisfied all of those requirements, the Court may—but is not required to—sentence the defendant below the mandatory minimum penalties that would otherwise apply on Count 2.

9. **Defendant's Guideline Range**

A. **Court's Determination**

The Court will determine the defendant's guideline range at sentencing.

B. **Acceptance of Responsibility**

The government recommends under Federal Rule of Criminal Procedure 11(c)(1)(B) that the defendant receive a two-level reduction for acceptance of responsibility under USSG § 3E1.1(a) for his guideline calculation on Count 1. Further, if the defendant's offense level is 16 or greater and the defendant is awarded the two-level reduction under USSG § 3E1.1(a), the government recommends that the defendant receive an additional one-level reduction for acceptance of responsibility under USSG § 3E1.1(b). If, however, the government learns that the defendant has engaged in any conduct inconsistent with acceptance of responsibility — including, but not limited to, making any false

statement to, or withholding information from, his probation officer; obstructing justice in any way; denying his guilt on the offenses to which he is pleading guilty; committing additional crimes after pleading guilty; or otherwise demonstrating a lack of acceptance of responsibility as defined in USSG § 3E1.1 — the government will be released from its obligations under this paragraph, will be free to argue that the defendant not receive *any* reduction for acceptance of responsibility under USSG § 3E1.1, and will be free to argue that the defendant receive an enhancement for obstruction of justice under USSG § 3C1.1.

### C.   Other Guideline Recommendations

The parties also recommend under Federal Rule of Criminal Procedure 11(c)(1)(B) that the following guideline provisions apply to the defendant's guideline calculation on Count 2:

| Guideline | Description | Level |
|-----------|-------------|-------|
| 2D1.1(c)(2) | Base offense level | 36 |
| | | |
| | | |

The parties have no other joint recommendations as to the defendant's guideline calculation.

### D.   Factual Stipulations for Sentencing Purposes

The parties have no additional factual stipulations for sentencing

purposes.

### E.   Parties' Obligations

Both the defendant and the government agree not to take any

position or make any statement that is inconsistent with any of the

guideline recommendations or factual stipulations in paragraphs 9.B,

9.C, or 9.D. Neither party is otherwise restricted in what it may argue

or present to the Court as to the defendant's guideline calculation.

### F.   Not a Basis to Withdraw

The defendant understands that he will have no right to withdraw

from this agreement or withdraw his guilty plea if he disagrees, in any

way, with the guideline range determined by the Court, even if that

guideline range does not incorporate the parties' recommendations or

factual stipulations in paragraphs 9.B, 9.C, or 9.D. The government

likewise has no right to withdraw from this agreement if it disagrees

with the guideline range determined by the Court.

10.   **Imposition of Sentence**

A.   **Court's Obligation**

The defendant understands that in determining his sentence, the Court must calculate the applicable guideline range at sentencing and must consider that range, any possible departures under the sentencing guidelines, and the sentencing factors listed in 18 U.S.C. § 3553(a) and apply any applicable mandatory minimums.

B.   **Imprisonment**

1.   **Recommendation**

Under Federal Rule of Criminal Procedure 11(c)(1)(B), the government recommends that the defendant's sentence of imprisonment on Count 2 not exceed the top of the defendant's guideline range as determined by the Court.

2.   **No Right to Withdraw**

The government's recommendation in paragraph 10.B.1 is not binding on the Court. The defendant understands that he will have no right to withdraw from this agreement or withdraw his guilty plea if the Court decides not to follow the government's recommendation. The government likewise has no right to withdraw from this agreement if

the Court decides not to follow the government's recommendation. If however, the Court rejects or purports to reject any other term or terms of this plea agreement, the government will be permitted to withdraw from the agreement.

### C.    Supervised Release

#### 1.    Recommendation

Under Federal Rule of Criminal Procedure 11(c)(1)(B), the parties recommend that the Court impose a five-year term of supervised release.

#### 2.    No Right to Withdraw

The parties' recommendation is not binding on the Court. The defendant understands that he will have no right to withdraw from this agreement or withdraw his guilty plea if the Court decides not to follow the parties' recommendation. The defendant also understands that the government's recommendation concerning the length of the defendant's sentence of imprisonment, as described above in paragraph 10.B.1, will not apply to or limit any term of imprisonment that results from any later revocation of the defendant's supervised release.

**D.  Fines**

There is no recommendation or agreement as to a fine.

**E.  Forfeiture**

Upon conviction for the conduct alleged in Count 2 of the Indictment, the defendant shall, pursuant to 21 U.S.C. § 853 and 28 U.S.C. § 2461, forfeit to the United States the property as it was used or intended to be used to commit or to promote the commission of the offenses charged.

If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

the United States shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

In entering this agreement with respect to forfeiture, defendant knowingly, voluntarily, and intelligently waives any challenge to the above-described forfeiture based upon the Excessive Fines Clause of the Eighth Amendment to the U.S. Constitution.

In entering into this agreement with respect to forfeiture, defendant expressly waives his right to have a jury determine the forfeitability of his interest in the above identified personal property as provided by rule 32.2(b)(4) of the Federal Rules of Criminal Procedure.

With respect to the above property, defendant agrees to the entry of one or more orders of forfeiture of his interest in such property upon application by the United States at, or any time before his sentencing in this case. Defendant further agrees to hold the United States, its agents and employees harmless from any claims whatsoever in connection with the forfeiture of property covered by this agreement.

Defendant further waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, pronouncement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant acknowledges that he understands that the forfeiture of assets is part of

the sentence that may be imposed in this case and waives any failure by the court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted.

### F.   Special Assessment

The defendant understands that he will be required to pay a special assessment of $100, due immediately upon sentencing.

## 11.   Appeal Waiver

The defendant waives any right he may have to appeal his conviction on any grounds. The defendant also waives any right he may have to appeal his sentence on any grounds, unless his sentence of imprisonment exceeds the top of the guideline range as determined by the Court (or any applicable mandatory minimum, whichever is greater).

## 12.   Collateral Review Waiver

The defendant retains the right to raise claims alleging ineffective assistance of counsel or prosecutorial misconduct, as long as the defendant properly raises those claims by collateral review under 28 U.S.C. § 2255. The defendant also retains the right to pursue any relief permitted under 18 U.S.C. § 3582(c), as long as the defendant properly

files a motion under that section. The defendant, however, waives any

other right he may have to challenge his conviction or sentence by

collateral review, including, but not limited to, any right he may have to

challenge his conviction or sentence on any grounds under 28 U.S.C.

§ 2255 (except for properly raised ineffective assistance of counsel or

prosecutorial misconduct claims, as described above), 28 U.S.C. § 2241,

or Federal Rule of Civil Procedure 59 or 60.

## 13. Remedies for Withdrawal, Breach, Rejection, or Vacatur

If the defendant is allowed to withdraw his guilty pleas or

breaches this agreement, or if the Court rejects this agreement, or if the

defendant's conviction or sentence under this agreement is vacated, the

government may reinstate any charges against the defendant that were

dismissed as part of this agreement and may file additional charges

against the defendant relating, directly or indirectly, to any of the

conduct underlying the defendant's guilty plea or any relevant conduct.

If the defendant has been permitted to plead guilty to a lesser-included

offense, the government may also reinstate any charges or file any

additional charges against the defendant for the greater offense, and

the defendant waives his double-jeopardy rights with respect to the

greater offense. If the government reinstates any charges or files any additional charges as permitted by this paragraph, the defendant waives his right to challenge those charges on the ground that they were not filed in a timely manner, including any claim that they were filed after the limitations period expired.

14.   **Use of Withdrawn Guilty Plea**

The defendant agrees that if he is permitted to withdraw his guilty plea for any reason, he waives all of his rights under Federal Rule of Evidence 410, and the government may use his guilty plea, any statement that the defendant made at his guilty plea hearing, and the factual basis set forth in this agreement, against the defendant in any proceeding.

15.   **Parties to Plea Agreement**

This agreement does not bind any government agency except the United States Attorney's Office for the Eastern District of Michigan.

16.   **Scope of Plea Agreement**

This plea agreement is the complete agreement between the parties and supersedes any other promises, representations, understandings, or agreements between the parties concerning the

subject matter of this agreement that were made at any time before the guilty plea is entered in court. Thus, no oral or written promises made by the government to the defendant or to the attorney for the defendant at any time before the defendant pleads guilty are binding except to the extent they have been explicitly incorporated into this plea agreement. If the parties have entered, or subsequently enter, into a written proffer or cooperation agreement, though, this plea agreement does not supersede or abrogate the terms of that agreement. This plea agreement also does not prevent any civil or administrative actions against the defendant, or any forfeiture claim against any property, by the United States or any other party.

17.   **Acceptance of Agreement by Defendant**

This plea offer expires unless it has been received, fully signed, in the United States Attorney's Office by 5:00 p.m. on Friday, May 30, 2025. The government may withdraw from this agreement at any time before the defendant pleads guilty.

Jerome F. Gorgon, Jr.
United States Attorney

_____
Benjamin Coats
Chief, Drug Task Force
Assistant United States Attorney

*C. Barrington Wilkins*
_____
C. Barrington Wilkins
Assistant United States Attorney

Dated: Monday, May 12, 2025

By signing below, the defendant and his attorney agree that the defendant has read or been read this entire document, has discussed it with his attorney, and has had a full and complete opportunity to confer with his attorney. The defendant further agrees that he understands this entire document, agrees to its terms, has had all of his questions

answered by his attorney and is satisfied with his attorney's advice and

representation.

_____
Juan Mateo, Jr.
Attorney for Defendant

Dated:

_____
Martin Blas-Hernandez
Defendant

*"*These Worksheets have been completed using the information currently available to the government, which may be inaccurate or incomplete. They contain estimates only, prepared for purposes of plea negotiations. The Worksheets are not part of any plea offer or agreement and bind neither the court nor the parties.*"*

## WORKSHEET A

# OFFENSE LEVEL

Defendant __Martin Blas-HERNANDEZ__          District/Office __Eastern District of Michigan__

Docket Number __23-20583__

Count Number(s) __2__          U.S. Code Title & Section __21__ : __841__ ; ____ : ____

*Guidelines Manual* Edition Used: 20__24__ (*Note*: The Worksheets are keyed to the November 1, 2016 *Guidelines Manual*)

### INSTRUCTIONS

Complete a separate Worksheet A for each count of conviction or as required in a situation listed at the bottom of Worksheet B.*
*Exceptions*: Use only a single Worksheet A where the offense level for a group of closely related counts is based primarily on aggregate value or quantity (*see* §3D1.2(d)) or where a count of conspiracy, solicitation, or attempt is grouped with a substantive count that was the sole object of the conspiracy, solicitation, or attempt (*see* §3D1.2(a) & (b)).

### 1.  Offense Level (*See* Chapter Two)

Enter the applicable base offense level and any specific offense characteristics from Chapter Two and explain the bases for these determinations. Enter the sum in the box provided.

| Guideline | Description | Level |
|---|---|---|
| 2D1.1(c)(2) | Between 150 KG - 450 KG of Cocaine | 36 |
| 2D1.1(b)(18) | 5C1.2 Safety Valve | -2 |
| 4C1.1 | No criminal history | -2 |
| 3B1.2(b) | Minor Participant | -2 |

If the Chapter Two guideline requires application of a cross reference or other reference, an additional Worksheet A may be needed for that analysis. *See* §1B1.5.

Sum [ 30 ]

### 2.  Victim-Related Adjustments (*See* Chapter Three, Part A)

Enter the applicable section and adjustment. If more than one section is applicable, list each section and enter the combined adjustment. If no adjustment is applicable, enter "0".

§ _____    [ 0 ]

### 3.  Role in the Offense Adjustments (*See* Chapter Three, Part B)

Enter the applicable section and adjustment. If more than one section is applicable, list each section and enter the combined adjustment. If the adjustment reduces the offense level, enter a minus (–) sign in front of the adjustment. If no adjustment is applicable, enter "0".

§ _____    [ 0 ]

### 4.  Obstruction Adjustments (*See* Chapter Three, Part C)

Enter the applicable section and adjustment. If more than one section is applicable, list each section and enter the combined adjustment. If no adjustment is applicable, enter "0".

§ _____    [ 0 ]

### 5.  Adjusted Offense Level

Enter the sum of Items 1–4. If this Worksheet A does not cover all counts of conviction or situations listed at the bottom of Worksheet B, complete Worksheet B. Otherwise, enter this result on Worksheet D, Item 1.

[ 30 ]

[✓] Check here if **all** counts (*including* situations listed at the bottom of Worksheet B)* are addressed on this one Worksheet A. If so, no Worksheet B is used.

[ ] If the defendant has no criminal history, enter "I" here and on Worksheet D, Item 4. No Worksheet C is used.

## WORKSHEET B

# MULTIPLE COUNTS*

Defendant ___Martin Blas-HERNANDEZ___      Docket Number ___23-20583___

## INSTRUCTIONS

**STEP 1:** Determine if any of the counts group under §3D1.2(a)–(d) ("the grouping rules"). All, some, or none of the counts may group. Some of the counts may have already been grouped in the application under Worksheet A, specifically: (1) counts grouped under §3D1.2(d); or (2) a count charging conspiracy, solicitation, or attempt that is grouped with the substantive count of conviction (see §3D1.2(a)). Explain the reasons for grouping:

_____

_____

**STEP 2:** Using the box(es) provided below, for each group of "closely related counts" (i.e., counts that group together under any of the four grouping rules), enter the highest adjusted offense level from Item 5 of the various Worksheets "A" that comprise the group. See §3D1.3. Note that a "group" may consist of a single count that has not grouped with any other count. In those instances, the offense level for the group will be the adjusted offense level for the single count.

**STEP 3:** Enter the number of units to be assigned to each group (see §3D1.4) as follows:
- One unit (1) for the group of counts with the highest offense level
- An additional unit (1) for each group that is equally serious or 1 to 4 levels less serious
- An additional half unit (1/2) for each group that is 5 to 8 levels less serious
- No increase in units for groups that are 9 or more levels less serious

**1.  Adjusted Offense Level for the First Group of Counts**

Count number(s) __1_____      | 30 |   __1___ Unit

**2.  Adjusted Offense Level for the Second Group of Counts**

Count number(s) _____      | | _____ Unit

**3.  Adjusted Offense Level for the Third Group of Counts**

Count number(s) _____      | | _____ Unit

**4.  Adjusted Offense Level for the Fourth Group of Counts**

Count number(s) _____      | | _____ Unit

**5.  Adjusted Offense Level for the Fifth Group of Counts**

Count number(s) _____      | | _____ Unit

**6.  Total Units**

__1__ **Total Units**

**7.  Increase in Offense Level Based on Total Units** (See §3D1.4)

| 1 unit: | no increase | 2½ – 3 units: | add 3 levels |
| 1½ units: | add 1 level | 3½ – 5 units: | add 4 levels |
| 2 units: | add 2 levels | More than 5 units: | add 5 levels |

| 0 |

**8.  Highest of the Adjusted Offense Levels from Items 1–5 Above**

| 0 |

**9.  Combined Adjusted Offense Level** (See §3D1.4)

Enter the sum of Items 7 & 8 here and on Worksheet D, Item 1.      | 0 |

*Note: Worksheet B also includes applications that are done "as if there were multiple counts of convictions," including: multiple-object conspiracies (see §1B1.2(d)); offense guidelines that direct such application (e.g., §2G2.1(d)(1) (Child Porn Production)); and stipulations to additional offenses (see §1B1.2(c)). Note also that these situations typically require the use of multiple Worksheets A.

## WORKSHEET C
# CRIMINAL HISTORY
### [Page 1 of 2]

Defendant  Martin Blas-HERNANDEZ                    Docket Number  23-20583

> *Note:* As an aid, some of the basic criminal history "rules" are listed below. However, there are numerous additional criminal history rules at §§4A1.1 and 4A1.2 that must be used with Worksheet C and for correct application.

**Enter the Earliest Date of the Defendant's Relevant Conduct**  September 27, 2023
(The date of *the defendant's commencement of the instant offense*(s))

### 1.  Prior Sentences Resulting from Offenses Committed Prior to the Defendant's 18th Birthday

(a) **3 Points** if convicted as an *adult*, for each prior sentence of imprisonment *exceeding one year and one month* imposed within 15 years of the defendant's earliest date of relevant conduct or resulting in incarceration during any part of that 15-year period. *See* §§4A1.1(a) and 4A1.2(d)(1) & (e)(1).

(b) **2 Points** for each prior *adult or juvenile sentence* of confinement of *at least 60 days* not counted under §4A1.1(a) imposed within 5 years or from which the defendant was released from confinement within 5 years of the defendant's earliest date of relevant conduct. *See* §§4A1.1(b) and 4A1.2(d)(2)(A).

(c) **1 Point** for each prior *adult or juvenile sentence* not counted under §4A1.1(a) or §4A1.1(b) imposed within 5 years of the defendant's earliest date of relevant conduct. *See* §§4A1.1(c) and 4A1.2(d)(2)(B).

*Note:* Identify as **"adult"** any sentence exceeding one year and one month that resulted from an adult conviction.
A **release date** is required in only two instances: (1) when a sentence covered under §4A1.1(a) was imposed more than 15 years prior to *the defendant's earliest date of relevant conduct* but resulted in the defendant being incarcerated during any part of such 15-year period; or (2) when a sentence counted under §4A1.1(b) was imposed more than 5 years prior to *the defendant's earliest date of relevant conduct*, but release from confinement occurred within such 5-year period.

| Date of Imposition | Offense | Sentence | Release Date | Guideline Section | Criminal History Points |
|---|---|---|---|---|---|
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |

### 2.  Prior Sentences Resulting from Offenses Committed On or After the Defendant's 18th Birthday

(a) **3 Points** for each prior sentence of imprisonment *exceeding one year and one month* imposed within 15 years of the defendant's earliest date of relevant conduct or resulting in incarceration during any part of that 15-year period. *See* §§4A1.1(a) and 4A1.2(e)(1).

(b) **2 Points** for each prior sentence of imprisonment of *at least 60 days* not counted under §4A1.1(a) imposed within 10 years of the defendant's earliest date of relevant conduct. *See* §§4A1.1(b) and 4A1.2(e)(2).

(c) **1 Point** for each prior sentence not counted under §4A1.1(a) or §4A1.1(b) imposed within 10 years of the defendant's earliest date of relevant conduct. *See* §§4A1.1(c) and 4A1.2(e)(2).

*Note:* A **release date** is required when a sentence covered under §4A1.1(a) was imposed more than 15 years prior to *the defendant's earliest date of relevant conduct* but resulted in the defendant being incarcerated during any part of such 15-year period.

| Date of Imposition | Offense | Sentence | Release Date | Guideline Section | Criminal History Points |
|---|---|---|---|---|---|
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |

# Worksheet C — Criminal History [Page 2 of 2]

Defendant  Martin Blas-HERNANDEZ

Docket Number  23-20583

(continued from *Sentences Resulting from Offenses Committed On or After the Defendant's 18th Birthday*)

| Date of Imposition | Offense | Sentence | Release Date | Guideline Section | Criminal History Points |
|---|---|---|---|---|---|
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |

**3.  Sum of Criminal History Points for prior sentences under §4A1.1(a), (b), & (c) in Items 1 & 2**

A total of 4 points can be added for all the 1-Point sentences counted in Items 1 & 2 combined.  `0`

**4.  "Status" of Defendant at Time of Instant Offense**

**2 Points** for "status" if the defendant committed any part of the instant offense (*i.e.*, any relevant conduct) while under any criminal justice sentence (*e.g.*, probation, parole, supervised release, imprisonment, work release, or escape status) for a sentence counted in Items 1 or 2. *See* §4A1.1(d) and Application Note 4. List the type of control and identify the counted sentence that resulted in the control. Otherwise, enter **0 Points.**  `0`

**5.  Crimes of Violence**

**1 Point** for each prior sentence resulting from a conviction of a crime of violence that did not receive any points under §4A1.1(a), (b), or (c) because such sentence was counted as a single sentence which also included another sentence resulting from a conviction for a crime of violence. A total of 3 points can be added under this subsection. *See* §4A1.1(e) and Application Note 5, and §4A1.2(a)(2) & (p). Identify the crimes of violence and briefly explain why the cases are considered a single sentence. Otherwise, enter **0 Points.**  `0`

**4.  Total Criminal History Points** (Sum of Items 3–5)  `0`

**5.  Criminal History Category** (Enter here and on Worksheet D, Item 4)

| Total Points | Criminal History Category |
|---|---|
| 0–1 | I |
| 2–3 | II |
| 4–6 | III |
| 7–9 | IV |
| 10–12 | V |
| 13 or more | VI |

`I`

## WORKSHEET D
# DETERMINING THE SENTENCE
## [Page 1 of 4]

Defendant  Martin Blas-HERNANDEZ                    Docket Number  23-20583

**1. Adjusted Offense Level** (From Worksheet A or B)

If Worksheet B is required, enter the result from Worksheet B, Item 9. Otherwise, enter the result from Worksheet A, Item 5.

$$\boxed{30}$$

**2. Acceptance of Responsibility** (See Chapter Three, Part E)

Enter the applicable reduction of 2 or 3 levels. If no adjustment is applicable, enter "0".

$$\boxed{-3}$$

**3. Offense Level Total** (Item 1 less Item 2)

$$\boxed{27}$$

**4. Criminal History Category** (From Worksheet A or C)

Enter the result from Worksheet C, Item 8, unless the defendant has no criminal history, and as directed at the bottom of Worksheet A, no Worksheet C is used and "I" is entered here.

$$\boxed{I}$$

**5. Terrorism; Career Offender; Criminal Livelihood; Armed Career Criminal; Repeat and Dangerous Sex Offender** (See Chapter Three, Part A, and Chapter Four, Part B)

   **a. Offense Level Total**

If the provision for Career Offender (§4B1.1), Criminal Livelihood (§4B1.3), Armed Career Criminal (§4B1.4), or Repeat and Dangerous Sex Offender (§4B1.5) results in an offense level total higher than Item 3, enter the offense level total. Otherwise, enter "N/A".

$$\boxed{\text{N/A}}$$

   **b. Criminal History Category**

If the provision for Terrorism (§3A1.4), Career Offender (§4B1.1), Armed Career Criminal (§4B1.4), or Repeat and Dangerous Sex Offender (§4B1.5) results in a criminal history category higher than Item 4, enter the applicable criminal history category. Otherwise, enter "N/A".

$$\boxed{\text{N/A}}$$

**6. Guideline Range from Sentencing Table**

Enter the applicable guideline range from Chapter Five, Part A, in months.

$$\boxed{70 \quad \textbf{to} \quad 87}$$

**7. Restricted Guideline Range** (See Chapter Five, Part G)

If the statutorily authorized maximum sentence or the statutorily required minimum sentence restricts the guideline range (Item 6) (see §§5G1.1 and 5G1.2), enter either the restricted guideline range or any statutory maximum or minimum penalty that would modify the guideline range. Otherwise, enter "N/A".

$$\boxed{120 \quad \textbf{to} \quad \text{Life}}$$

   ☑ Check here if §5C1.2 (Limitation on Applicability of Statutory Minimum Penalties in Certain Cases) and 18 U.S.C. § 3553(e) – "The Safety Valve" – are applicable.

**8. Undischarged Term of Imprisonment; Anticipated State Term of Imprisonment** (See §5G1.3)

   ☐ If the defendant is subject to an undischarged term of imprisonment, or an anticipated state term of imprisonment, check this box. Below list the undischarged/anticipated term(s), the applicable section of §5G1.3 and its direction or guidance as to whether the instant federal sentence is to be imposed to run concurrently or consecutively to the undischarged/anticipated term(s), and any sentence adjustment.

# Worksheet D — Determining the Sentence [Page 2 of 4]

Defendant <u>Martin Blas-HERNANDEZ</u>           Docket Number <u>23-20583</u>

---

**9.  Sentencing Options** (See Chapter Five, Sentencing Table and §§5B1.1(a) and 5C1.1)

Check the applicable box that corresponds to the Guideline Range entered in Item 6 or Item 7, if applicable.

☐  **Zone A** (See §§5B1.1(a)(1) & 5C1.1(a) & (b))

If checked, the following options are available:

- Fine (See §§5C1.1(b) & 5E1.2(a))
- "Straight" Probation (See §§5B1.1(a)(1) & 5C1.1(b))
- Imprisonment (See §5C1.1(a) & (c)(1))

☐  **Zone B** (See §§5B1.1(a)(2) & 5C1.1(a) & (c))

If checked, *the minimum term may be satisfied by:*

- Imprisonment (See §5C1.1(a) & (c)(2))
- Imprisonment of *at least one month plus supervised release* with a condition that substitutes community confinement or home detention for imprisonment (See §5C1.1(c)(2))
- Probation with a condition that substitutes intermittent confinement, community confinement, or home detention for imprisonment (See §§5B1.1(a)(2) and 5C1.1(c)(3))

☐  **Zone C** (See §5C1.1(a) & (d))

If checked, *the minimum term may be satisfied by:*

- Imprisonment (See §5C1.1(a) & (d)(1))
- Imprisonment of *at least one-half of the minimum term plus supervised release* with a condition that substitutes community confinement or home detention for imprisonment (See §5C1.1(d)(2))

☑  **Zone D** (See §5C1.1(a) & (f))

If checked, *the minimum term is to be satisfied by* a sentence of imprisonment

---

**10. Length of Term of Probation** (See §5B1.2)

If probation is imposed, the guideline for the length of such term of probation is: (Check the applicable box)

☐  At least one year, but not more than five years if the offense level total is 6 or greater.

☐  No more than three years if the offense level total is 5 or less.

# Worksheet D — Determining the Sentence [Page 3 of 4]

Defendant  Martin Blas-HERNANDEZ                     Docket Number  23-20583

## 11. Supervised Release (See §§5D1.1 and 5D1.2)

**a.  Imposition of a Term of Supervised Release:**

[✓]  Ordered because required by statute (See §5D1.1(a)(1)).

[ ]  Ordered because a sentence of imprisonment of more than one year is imposed (See §5D1.1(a)(2)).

[ ]  Is **not** ordered although a sentence of more than one year is imposed, because it is not required by statute **and** the defendant likely will be deported after imprisonment (See §5D1.1(c)).

[ ]  Ordered because it may be ordered in any other case (See §5D1.1(b)).

**b.  Length of Term of Supervised Release**

Check the Class of the Offense:

[ ]  Class A or B Felony: Two to Five Year Term (See §5D1.2(a)(1))

[ ]  Class C or D Felony: One to Three Year Term (See §5D1.2(a)(2))

[ ]  Class E Felony or Class A Misdemeanor: One Year Term (See §5D1.2(a)(3))

[✓]  If a statutorily required mandatory minimum term of supervised release for the offense impacts the guideline range for the applicable Class of Offense above, also check this box, and list the statutory minimum term (See §5D1.2(c)):

   5___ years mandatory minimum term of supervised release

[ ]  If an offense in 18 U.S.C. § 2332b(g)(5)(B) that resulted in, or created a foreseeable risk of, death or serious bodily injury to another person; or if a sex offense, the term of supervised release will not be less than the minimum term established above, and may be up to life (See §5D1.2(b)).

Policy Statement: If a sex offense, the *statutory maximum term* of supervised release is recommended.

## 12. Restitution (See §5E1.1)

a.  If restitution is applicable, enter the amount. Otherwise enter "N/A" and the reason:
   N/A

b.  Enter whether restitution is statutorily mandatory or discretionary:

c.  Enter whether restitution is by an order of restitution, or **solely** as a condition of supervision. Enter the authorizing statute:

# Worksheet D — Determining the Sentence [Page 4 of 4]

Defendant _Martin Blas-HERNANDEZ_     Docket Number _23-20583_

## 13. Fines (The Guideline Range for Fines for Individual Defendants) (See §5E1.2)

|   |   | Minimum | Maximum |
|---|---|---------|---------|

**a.  Special Fine Provisions**

☑ Check box if any of the counts of conviction is for a statute with a special fine provision. (This **does not** include the general fine provisions of 18 USC § 3571(b)(2) & (d)).

Enter the sum of statutory maximum fines for all such counts.          $ 10,000,000

**b.  Fine Table (§5E1.2(c)(3))**
Enter the minimum and maximum fines.          $ 25,000          $ 250,000

**c.  Fine Guideline Range**
(Determined by the minimum of the Fine Table (Item 13(b)) and the greater maximum above (Item 13(a) or 13(b))).          $ 25,000          $ 10,000,000

**d.  Ability to Pay**

☑ Check this box if the defendant does not have an ability to pay.

## 14. Special Assessments for Individual Defendants (See §5E1.3)

Enter the total amount of the statutory special assessments required for all counts of conviction:
- $100 for each felony count of conviction.
- $25 for each Class A misdemeanor count of conviction.
- While not subject to guideline sentencing, the special assessments for a Class B misdemeanor, and a Class C misdemeanor or infraction are $10 and $5 per count, respectively.

**TOTAL:**          $ 100

## 15. Factors That May Warrant a *Departure* (See §1B1.1(b))

Consider Chapter Five, Part H (Specific Offender Characteristics) and Part K (Departures), and other policy statements and commentary in the *Guidelines Manual* that might warrant consideration in sentencing. (*See also* the "List of Departure Provisions" included in the *Guidelines Manual* after the Index).

_____

_____

_____

_____

## 16. Factors That May Warrant a *Variance* (See §1B1.1(c))

Consider the applicable factors in 18 U.S.C. § 3553(a) taken as a whole.

_____

_____

_____

_____

**Completed by** _C. Barrington Wilkins_          **Date** _May 12, 2025_